## FRAZIER v. LUCKENBACH et al.

### (District Court, S. D. Florida. April 15, 1918.)

1. SHIPPING ⬿82—OWNERS—LIABILITY.

   Where the owners of a properly constructed vessel chartered the same to independent shippers for a monthly payment, all expenses save wages of the crew to be paid by the charterers, the owners are liable only for the negligent acts of the master or crew in navigating the vessel, or in some duty necessary to be performed by them to enable the vessel to receive or carry cargo safely.

2. SHIPPING ⬿84(2)—SHIPOWNER—DUTIES—STEVEDORES.

   Where a shipowner chartered a vessel on monthly payments, the charterer paying all expenses save the wages of the crew, the owner was under no duty to provide lights at an open hatch while in port, nor to light the portion of the vessel between decks, though stevedores were engaged in loading the vessel.

In Admiralty. Libel by G. W. Frazier against Edgar F. Luckenbach and the estate of Edgar Luckenbach. Libel dismissed.

Zewadski & Nysewander, of Tampa, Fla., for libelant.

E. O. Locke, of Jacksonville, Fla., and Carter & Carter, of New York City, for respondents.

CALL, District Judge. The libelant claims damages for personal injuries received while engaged as a stevedore in loading a cargo of phosphate upon the steamship Luckenbach. He had been working in one hold of the vessel trimming cargo, and was ordered to go to another hold aft, there to trim cargo. The method of loading the phosphate rock is by a pipe from the elevator into the hold of the vessel then being loaded; the trimmers being below, and as the phosphate comes in it is shoveled into the wings from the pyramid formed as the material comes from the elevator. In passing from the hold where he had been working to the hold to which he was ordered, he went along the upper between-decks and fell before reaching the hatch to which he was going, into the hold, and was injured.

The libel alleges that the deck plates at the place where libelant fell were taken up, leaving open spaces, through one of which he fell, and further that the officers of the ship had negligently failed to place lights to warn any one of such open spaces. The proofs show without contradiction that the owners had chartered the vessel to independent shippers for a monthly payment; that the cost of operation (except wages, etc., of the crew), the expense of loading, etc., were to be paid by the charterers; that the libelant was employed by the head stevedore, who had a contract with the charterers to load said vessel; that the crew of the steamer took no part in said loading; that it was the duty of the head stevedore to inspect the cargo holds, and see if they were in fit condition to be loaded, and to furnish, and did furnish, lanterns to be used to light the trimmers in their labor; that thick dust arose from the phosphate while coming into the hold, which made it impossible to see further than a foot.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Upon these facts there is no conflict. While there is conflict as to the nature of the between-decks, the overwhelming weight of the testimony shows the following facts: The Luckenbach was what is known as an open between-decks ship, no permanent deck having been laid upon the beams extending athwartship, with spaces between about 4 feet 6 inches; that it was between these beams that libelant fell while passing from one hold to the other.

Under this state of facts, is the libelant entitled to recover from the owners of the ship? I think not. As I understand the law, the owners are not responsible under such circumstances, except for negligent acts of the master or crew of the chartered ship in navigating the vessel, or some duty necessary to be performed by them to enable the vessel to receive or carry her cargo safely. Here the vessel was at the elevator receiving cargo. The construction of open between-decks ships is recognized as proper construction, and materially aids in trimming such cargo as phosphate rock, expediting the work of the trimmers in shoveling the rock into the wings of the vessel and filling all the spaces, and to that extent adds to the safety in carrying the cargo.

[2] So far as the allegation of want of light, it has been said that no obligation rests upon the shipowner to provide lights at an open hatch while in port; nor does the duty rest upon the shipowner to light that portion of between-decks constructed as was this vessel.

I am of opinion, therefore, that the libelant cannot recover, and the libel will be dismissed. It will be so ordered.